IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **STEVEN MICHAEL BACKSTROM** | § | |
| | § | |
| **V.** | § | **A-16-CA-395-LY** |
| | § | |
| **LORIE DAVIS** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 12); and Petitioner's reply (Document 15). Petitioner, proceeding pro se, has paid the applicable filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

### A.     Petitioner's Criminal History

According to Respondent, the Director has custody of Petitioner pursuant to judgments and sentences of the 33rd Judicial District Court of Burnet County, Texas, in cause number 35,498. Petitioner was charged by indictment with burglary of a habitation with intent to commit indecency

with a child and aggravated sexual assault of a child. A jury found Petitioner guilty as charged, and on July 26, 2010, the court assessed his punishment at 99 years and life, respectively. The trial court ordered that the sentences be stacked. The Third Court of Appeals of Texas affirmed Petitioner's convictions on April 15, 2011. Backstrom v. State, No. 03-10-00551 (Tex. App. – Austin 2011, no pet.) Petitioner did not file a petition for discretionary review.

Petitioner also challenged his convictions in two state applications for habeas corpus relief. Petitioner filed his first state application on February 28, 2012. The Texas Court of Criminal Appeals denied it without written order the findings of the trial court without a hearing on November 21, 2012. Ex parte Backstrom, Appl. No. 76,283-04. Petitioner filed his second state application on July 1, 2015. The Texas Court of Criminal Appeals denied it in part and dismissed it in part with written order on September 16, 2015. Ex parte Backstrom, Appl. No. 76,283-06.

Petitioner previously filed a federal application for habeas corpus relief in Cause No. A-13-CV-037-LY. Petitioner executed his federal application on December 13, 2012. The application was dismissed on April 21, 2015, upon Petitioner's motion to voluntarily dismiss his application.

**B.     Petitioner's Grounds for Relief**

Petitioner raises three grounds for relief: (1) he received ineffective assistance of counsel; (2) the prosecutor is guilty of misconduct; and (3) the complainant committed perjury.

## II.   DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Respondent moves to dismiss Petitioner's federal application as time-barred. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

2

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.   Application**

Petitioner's conviction became final, at the latest, on May 15, 2011, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires).

Petitioner's first state application operated to toll the one-year limitations period during its pendency. Petitioner filed his first state application on February 28, 2012. At the time the Court of Criminal Appeals denied the application on November 21, 2012, only 76 days remained of the one-year limitations period. Petitioner did not execute the instant federal application for habeas corpus relief until March 16, 2016, well after the limitations period expired. Petitioner's second state

application did not operate to toll the limitations period, because it was filed on July 1, 2015, after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner incorrectly contends the time his first federal application for habeas corpus relief was pending tolls the limitations period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and that section therefore did not toll the limitation period during its pendency).

The Court notes, even if the limitations period was tolled during the time period his first federal application was pending, Petitioner's instant federal application is still time-barred. As mentioned above, only 76 days remained of the one-year limitations period at the time the Texas Court of Criminal Appeals denied Petitioner's first state application for habeas corpus relief. Petitioner executed his first federal application on December 13, 2012, leaving only 54 days of the one-year limitations period. Petitioner's first federal application was dismissed on April 21, 2015. Therefore, pursuant to Petitioner's contention, the limitations period would have expired on June 14, 2015. Petitioner executed his second state application on July 1, 2015, after the limitations period expired. In addition, the Texas Court of Criminal Appeals disposed of Petitioner's second state application on September 16, 2015. Petitioner failed to exercise due diligence in pursuing his claims and instead waited another 182 days before he filed his instant federal application for habeas corpus relief. Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418

(2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Petitioner contends the untimeliness of his application should be excused, because he is actually innocent. In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in Schlup v. Delo, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S. 614, 623–624 (1998).

In this case, Petitioner's claim of actual innocence has one glaring flaw—at the punishment phase of his trial he testified, and, while under oath and in the presence of his attorney, he confessed to the crimes. Specifically, the record reflects the following testimony was elicited on direct examination, by his own counsel:

> Q: And, Michael, you have been convicted of aggravated sexual assault of a child and you've been convicted of burglary of a habitation with intent to commit indecency with a child. Do you understand that?

> A: Yes, sir.
>
> Q: Now, I want you to the tell the jury your position. Are you guilty of the offense?
>
> A: I am, sir.
>
> Q: . . . Was [the victim's] testimony in general what you recall happening.
>
> A: In general, sir.

Dkt. No. 20-11 at 68-69. Further, on cross-examination, Petitioner made many, more specific admissions to the charged crimes, including the following:

> Q: When [the victim] told us about the times you raped her is it true that she tried to fight you off the first time?
>
> A: Yes, ma'am.
>
> Q: And then she just had to give up, didn't she?
>
> A: Yes, ma'am.
>
> Q: And you got her down to the point where you instructed her to be naked and have the window open so you could climb in her window at 2:00 a.m., correct?
>
> A: Yes, ma'am.

*Id.* at 89. Apparently the Petitioner forgot about this portion of his trial, as he makes no mention of it in his claim of actual innocence. Plainly, such a claim is meritless.

In summary, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of August, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE